IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

NETALOG, INC.,                )
                              )
     Plaintiff,               )
                              )
     v.                       )    1:04CV00850
                              )
GRIFFIN TECHNOLOGY, INC.,     )
                              )
     Defendant.               )

MEMORANDUM OPINION AND ORDER

OSTEEN, District Judge

Plaintiff Netalog, Inc. ("Plaintiff") brought this action primarily for patent and trademark infringement. Pending before this court is Griffin Technology, Inc's ("Defendant") objections, pursuant to Federal Rule of Civil Procedure 72(a), to the Magistrate Judge's March 1, 2006, order. In that order, the Magistrate Judge granted Plaintiff's motion to compel certain documents relating to Defendant's defense in Plaintiff's patent infringement action. For the reasons stated below, the court sees no justification to "modify or set aside any portion of the magistrate judge's order," Fed. R. Civ. P. 72(a), and the Magistrate Judge's order will be affirmed.

I.  **FACTUAL BACKGROUND**

Plaintiff is a corporation that sells various electronic accessories for items such as the Apple iPod. Plaintiff initially sent Defendant a notice stating that it perceived

Defendant as infringing on Plaintiff's patent with Defendant's "RoadTrip" product.  After receiving this notice, Defendant's representatives, Paul Griffin and Jeff Pack, reviewed the alleged claims themselves and determined a patent infringement claim was not substantiated.  Those same two representatives later asked Defendant's patent counsel and present counsel in this case, Mark Patterson, for his legal opinion on patent infringement. Patterson's opinion was no infringement existed.

During pretrial procedures, Defendant stated that it intended to rely on a "prudence" defense, which is described below, if the fact finder found willful infringement under the patent statutes.  Plaintiff moved to compel discovery on the following areas:  (1) for Defendant to answer deposition questions regarding all advice of counsel received from litigation counsel regarding the patent-in-suit; (2) for Patterson to answer deposition questions regarding legal advice provided by legal counsel regarding the patent-in-suit; and (3) for production of documents relating to all legal advice provided by litigation counsel regarding the patent-in-suit.  Magistrate Judge Wallace Dixon granted Plaintiff's motion, to which Defendant now objects.

**II. ANALYSIS**

A.   The Nature of Defendant's Defense

Title 35 U.S.C. § 284 provides that, upon a finding of patent infringement, a "court may increase the damages up to three times the amount found or assessed" under the applicable

2

law.  This section specifically applies to cases of willful infringement.  See Akeva L.L.C. v. Mizuno Corp., 243 F. Supp. 2d 418, 420 (M.D.N.C. 2003) ("[D]amages may be trebled by finding that the infringement of the patent was willful.").  No exhaustive definition of "willful infringement" exists:  "In a determination of willfulness and its consequences, the totality of circumstances are considered."  Rite-Hite Corp. v. Kelley Co., 819 F.2d 1120, 1125 (Fed. Cir. 1987).  "As a general matter, [however,] a potential infringer with actual notice of another's patent has an affirmative duty of care that usually requires the potential infringer to obtain competent legal advice before engaging in any activity that could infringe another's patent rights."  Comark Communications, Inc. v. Harris Corp., 156 F.3d 1182, 1190 (Fed. Cir. 1998) (emphasis added).  Since a totality test guides this analysis, "[t]he exercise of due care requires a potential infringer to act reasonably" based on the opinion given and the other surrounding circumstances under which an attorney gave that opinion.  See Akeva, 243 F. Supp. 2d at 423.

Given this broad, fact-specific test in which to determine willfulness, discovery is naturally fairly broad.  In asserting this defense within broad discovery, discovery requests may likely create conflicts with other evidentiary privileges and protections.  For example, if a party asserts it acted reasonably when charged with patent infringement because it obtained "competent legal advice," then, naturally, the party's adversary should have some access to the relevant documents and the

3

opinion-giving attorney, information that may be work-product protected or attorney-client privileged.  Such discovery, however, allows the defense to be subject to full examination by the adversary.  The issue is how far discovery may intrude into possibly privileged or protected documents when a defendant asserts the "advice-of-counsel" defense.

Cases in this court, and others, suggest discovery should be broad.  Thus, "[t]he cases dealing with discovery of attorney-client and work product material appear to be in general agreement that the client relying on advice of counsel waives attorney-client privilege with respect to the entire subject matter of the waiver and not just [a] specific opinion letter proffered."  Id. at 422.  This rule's rationale is simple. Without full disclosure of the opinions a party received, a party could selectively present the most favorable opinion while hiding unfavorable ones.  Thus, a totality test that looks to all the facts a party had before it requires a broad waiver of relevant but possibly protected or privileged documents.  See id. at 422-23.

Under this legal background, the Magistrate Judge ordered Defendant to produce the following:  (1) "Defendant['s] answer[s to] deposition questions as part of its Rule 30(b)(6) deposition regarding advice of counsel it received from litigation counsel regarding the patent-in-suit"; (2) "Mark Patterson['s] answer[s to] deposition questions regarding legal advice provided by litigation counsel regarding the patent-in-suit"; and (3) "the

4

production of documents relating to all legal advice provided by litigation counsel regarding the patent-in-suit. (Order of 3/1/2006 at 2.) In reviewing the order in light of Defendant's objections, this court has limited review authority. Under Federal Rule of Civil Procedure 72(a), a district judge can "modify or set aside" a magistrate judge's ruling on a nondispositive matter, such as a discovery order, if "any portion of the magistrate judge's order [is] found to be clearly erroneous or contrary to law."

B.   Defendant's Objections to the Magistrate Judge's Order

Defendant makes three arguments why this court must amend or modify the Magistrate Judge's ruling. This opinion considers each in turn.

1.   The Magistrate Judge's Order Was Too Broad

Defendant claims the Magistrate Judge erred in (1) ordering production of all legal advice, "whether it relate[d] to non-infringement opinion testimony or merely day[-]to[-]day advice (work product) given during any litigation" and (2) "allowing [Plaintiff] to depose trial counsel when the only relevant inquiry has to do with the decisions made by Defendant." (Objections of Griffin Tech., Inc. to the Magistrate's Order of Mar. 1, 2006 at 3–4.)

As to the first objection, the court reads nothing in the Magistrate Judge's order that requires such broad discovery. As Plaintiff states in its sealed brief in response to Defendant's objections, the disclosure only covers advice given by counsel on

5

infringement, validity, and other defenses regarding the patent-in-suit.  The scope is naturally limited to that which is relevant—the information that counsel gave Defendant's representatives as to whether it was infringing or not infringing the patent.  The order does not require Defendant to turn over all the information, of any sort, it received from its counsel about the litigation in general.

As to the second objection, the court also sees no clear error of law.  Defendant argues that because the counsel's state of mind is not important and deposing trial counsel could reveal uncommunicated work product and other privileged information, Plaintiff should only be allowed to ask Defendant, and not its counsel, what legal advice it received, without checking the source of the legal advice for corroboration.  Defendant argues that no case law supports deposing its counsel.

The Magistrate Judge, however, found the opinions relevant.  The court sees no "clear error" in ordering the deposition of a relevant witness on relevant topics.  Every discovery order that a magistrate judge makes, moreover, does not need explicit, on-point, and unequivocal case law support.  Such a proposition is antithetical to the Federal Rules of Civil Procedure's flexible discovery rules.  Moreover, Defendant does not show any binding case law specifically barring this type of deposition.  Any protected or privileged information at the deposition can certainly be objected to, subject to the exclusions this order affirms, during the deposition.

6

### 2. The Magistrate Judge's Ruling that Granted Discovery of All Opinions Was in Error

Defendant's argument is that the Magistrate Judge accepted one governing rule, which allows broad discovery, to the exclusion of a more favorable rule that would have limited the scope of waiver when a party asserts an advice-of-counsel defense. However, Defendant shows no clear error of law in choosing one rule over the other, and thus, no grounds exist to modify the Magistrate Judge's ruling.

### 3. The Magistrate Judge Failed to Address Procedural Issues that Defendant Sought

Defendant argues that the Magistrate Judge failed to render a ruling on (1) admissibility of the opinions at trial prior to ruling on the discovery order and (2) bifurcation of damages and liability. Defendant does not show a failure to address these issues was clear error. Defendant must seek other procedures to obtain relief.

## III. CONCLUSION

For the reasons set forth above,

The Magistrate Judge's March 1, 2006, order is AFFIRMED.

This the 7th day of June 2006.

_____
United States District Judge